UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LE'SEAN EDGE,
    Plaintiff,

vs

MS. MAHLMAN,
*Institutional Inspector, et al.,*
    Defendants.

Case No. 1:20-cv-892

Black, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, brings this civil rights action pursuant to 42 U.S.C. § 1983 and Ohio state law. Plaintiff names as defendants SOCF officials Ms. Mahlman, C.O. Justice, C.O. Wellman, C.O. D. Taylor, and C.O. Harr. (*See* Doc. 1-1 at PageID 10). By separate order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Plaintiff alleges that on September 2, 2020, at around 6 p.m., he was escorted to cell number 33 in the J2 unit. Plaintiff alleges that once inside the cell he noticed that there was feces and urine on the wall and that a white film covered the sink and toilet. Plaintiff asked defendants Justice and Wellman for gloves and cleaning supplies but allegedly was denied. (Doc. 1-1 at PageID 14).

Plaintiff alleges that on September 11, 2020, between 11:50 a.m. and 12:15 p.m., non-defendant[1] "rec C.O.s" escorted him to recreation. After being in the "rec cage" for about two minutes, defendant Taylor proceeded to unshackle plaintiff. Plaintiff alleges that Taylor aggressively told plaintiff to keep his foot flat, which plaintiff purportedly could not do because

---

[1]A number of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

of the way he was standing.  When plaintiff said that Taylor did not have to speak to plaintiff like that, Taylor escorted plaintiff back to cell number 33.  According to plaintiff, Taylor negligently did not have a mask on to prevent exposure to the coronavirus when he was talking to plaintiff.  Plaintiff wrote a grievance, but defendant Institutional Inspector Mahlman found it to be without merit.  Plaintiff alleges that inmates get punished when they do not wear a mask.  (Doc. 1-1 at PageID 16).

Plaintiff alleges that on October 4, 2020, at around 11:00 pm, defendant Harr issued a "fake threat ticket," and plaintiff was escorted to cell number 19 in the J2 unit (the "hole").  (Doc. 1-1 at PageID 14, 16).  Plaintiff alleges that there was feces and urine on the wall in cell number 19 and that a white film covered the sink and toilet.  He also alleges that there was "caked up brown substance inside the toilet" and mold on the ceiling and wall.  (Doc. 1-1 at PageID 14, 16).  Plaintiff alleges that he asked the "third shift C.O.," who is not named as a defendant, for gloves and cleaning supplies but was denied.  Plaintiff also alleges that the mattress did "not get sprayed with any sanitation."  (Doc. 1-1 at PageID 16).  After "sitting in the hole" for 10 to 11 days, plaintiff allegedly was found not guilty of the conduct violation.  Plaintiff asserts that Harr issued the conduct violation in retaliation for plaintiff "writing everyone up because this is our only line of defense."  (Doc. 1-1 at PageID 17).  Plaintiff alleges that he was distressed by these events, but mental health told him they could not help with the situation.  (Doc. 1-1 at PageID 17).

Plaintiff alleges that defendant Mahlman neglected her duties to protect the inmates.  Plaintiff also alleges that he fears that SOCF is "stonewalling" his appeals and grievances because he has not yet heard back from the Chief Inspector, who is not named as a defendant, on

4

various matters. (Doc. 1-1, at PageID 17).

For relief, plaintiff seeks monetary damages. (Doc. 1-1 at PageID 15).

**C.     Analysis of the Complaint**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's Eighth Amendment claim against defendants Justice and Wellman regarding the alleged unsanitary conditions of cell number 33 in the J2 unit is deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining allegations should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his or her official capacity would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept.*

*of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, plaintiff's claim against defendant Taylor sounds in alleged negligence, which is insufficient to state a claim under § 1983. To state a viable claim under § 1983, plaintiff must allege that he was deprived of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Mere negligence is insufficient to state a claim of constitutional dimension under § 1983. *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom,* 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983"). *Cf Quinn v. Esham,* No. 1:13cv864, 2014 WL 4774604, at *2 (S.D. Ohio July 23, 2014) (Bowman, M.J.) (Report & Recommendation) (pointing out that the plaintiff's original allegations of "negligent behavior" by prison staff "failed to state any claim under § 1983 and therefore were subject to dismissal at the screening stage"), *adopted,* 2014 WL 4774621 (S.D. Ohio Sept. 24, 2014) (Weber, J.); *Sexton v. Neil,* No. 1:14cv26, 2014 WL 1418298, *1, *5 (S.D. Ohio Apr. 14, 2014) (Dlott, J.; Bowman, M.J.) (dismissing at screening stage claims of "negligence" by defendants in failing to protect the plaintiff from inmate assault).

Further, plaintiff appears to allege that his equal protection rights were violated because

defendant Taylor allegedly did not have his mask on when inmates are required to wear masks. (*See* Doc. 1-1 at PageID 16). "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class. *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n.4 (6th Cir. 2017)). Prisoners are not members of a protected class for equal protection purposes. *See Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Plaintiff has failed to state a claim for violation of his equal protection rights.

Plaintiff's claim that defendant Harr falsely wrote a conduct report against him is also subject to dismissal for failure to state a claim upon which relief may be granted. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g.*, *Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process."

*Id.* at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)).  Plaintiff's allegations are insufficient to trigger constitutional concerns because he has failed to allege facts suggesting that he was deprived of a protected liberty interest without due process as a result of the allegedly false conduct report.  *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (stating that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original).

To the extent that plaintiff seeks to raise an Eighth Amendment claim against Harr regarding the alleged conditions of cell number 19 in the J2 unit, plaintiff has failed to allege that Harr was aware of the allegedly unsanitary conditions in the cell or had any involvement in the alleged events after issuing the conduct violation.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").  Nor does plaintiff allege that Harr, or any named defendant, was involved in the denial of mental health care.  Plaintiff's Eighth Amendment claims against Harr are therefore subject to dismissal.

Plaintiff's claim that defendant Harr issued the conduct violation in retaliation for plaintiff filing grievances against other corrections officers is also subject to dismissal.  Plaintiff

has not alleged sufficient facts to plausibly suggest a causal connection between Harr's alleged conduct and plaintiff's protected activity. Plaintiff's simply concludes without additional facts that "[t]his situation was retaliation on me because of the way I been writing everyone up[.]" (Doc. 1-1 at PageID 17). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). *See also Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003) (affirming dismissal of retaliation claim under § 1915A because "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted). Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 U.S. at 557. *See also Whiteside v. Collins,* No. 2:08cv875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010).

Moreover, to the extent that plaintiff seeks to hold defendant Mahlman liable for improperly responding to plaintiff's grievances or interfering with the grievance process, plaintiff's allegations fail to state a claim upon which relief may be granted. "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

9

Similarly, to the extent that plaintiff asserts that because of alleged "stonewalling" he is unable to exhaust his administrative remedies, the claim is also without merit. When a plaintiff has no other remedies available to him to exhaust his grievance, a district court would then be able to hear a related federal claim, since all possible administrative remedies would have been attempted. *See, e.g., Hartsfield v. Mayer,* No. 95–1411, 1996 WL 43541, at *3 (6th Cir. Feb.1, 1996) (holding that the MDOC's modified grievance status does not in any way impinge upon a plaintiff's First Amendment right to access to courts); *see also*, 42 U.S.C. § 1997e(a) (requiring only exhaustion of available administrative remedies). Plaintiff's "stonewalling" allegations are therefore insufficient to state a claim upon which relief may be granted.

Additionally, to the extent that plaintiff has named SOCF as a defendant to this action (*see* Doc. 1-1 at PageID 10), plaintiff's claims against this defendant should also be dismissed. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. *See McGlone v. Warren Corr. Inst.*, No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that the complaint against the ODRC and an Ohio prison was subject to dismissal at the screening stage because "neither the state prison facility nor the state corrections department is an entity that is capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J). Therefore, the complaint should be dismissed as to SOCF.

Finally, having concluded that plaintiff has failed to state a federal constitutional claim against defendants Taylor or Harr, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claim against these defendants and dismiss any such claims without prejudice.

10

Accordingly, in sum, the complaint (Doc. 1-1) should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **with the exception of** plaintiff's Eighth Amendment claim against defendants Justice and Wellman regarding the alleged unsanitary conditions of cell number 33 in the J2 unit.

However, plaintiff has failed to provide summons or U.S. Marshal forms for service of process. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for each of defendants Justice and Wellman. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** plaintiff's Eighth Amendment claim against defendants Justice and Wellman regarding the alleged unsanitary conditions of cell number 33 in the J2 unit.

2. The Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state-law claims against dismissed defendants Taylor and Harr and **DISMISS** any such claims **without prejudice.**

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit completed summons and United States Marshal forms for each of defendants Justice and Wellman.

2. The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a

United States Marshal form for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LE'SEAN EDGE,<br>    Plaintiff, | Case No. 1:20-cv-892 |
| vs | Black, J.<br>Bowman, M.J. |
| MS. MAHLMAN,<br>*Institutional Inspector, et al.,*<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13