UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LE'SEAN EDGE,<br>　　　Plaintiff, | Case No. 1:20-cv-892 |
| vs. | Black, J.<br>Bowman, M.J. |
| MS. MAHLMAN, et al.,<br>　　　Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a prisoner civil rights complaint in this Court. On December 28, 2020, the undersigned issued a Report and Recommendation that the complaint be dismissed, with the exception plaintiff's Eighth Amendment claim against defendants Justice and Wellman. (Doc. 5). Plaintiff subsequently filed an amended complaint. (Doc. 8).

This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In the amended complaint, plaintiff seeks to add a claim against defendant Mahlman. Specifically, plaintiff claims that he filed a grievance with Mahlman regarding his cell conditions. According to plaintiff, Mahlman negligently denied his grievance and violated his Eighth Amendment rights. (Doc. 8).

The claim raised in the amended complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff claims Mahlman was negligent in denying his grievance. (*Id.* at PageID 58-59). However, as noted in the December 28, 2020 Report

and Recommendation mere negligence is insufficient to state a claim of constitutional dimension under § 1983.  *See, e.g.*, *Warren v. Doe*, 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983"). *Cf Quinn v. Esham*, No. 1:13cv864, 2014 WL 4774604, at *2 (S.D. Ohio July 23, 2014) (Bowman, M.J.) (Report & Recommendation) (pointing out that the plaintiff's original allegations of "negligent behavior" by prison staff "failed to state any claim under § 1983 and therefore were subject to dismissal at the screening stage"), *adopted*, 2014 WL 4774621 (S.D. Ohio Sept. 24, 2014) (Weber, J.); *Sexton v. Neil*, No. 1:14cv26, 2014 WL 1418298, *1, *5 (S.D. Ohio Apr. 14, 2014) (Dlott, J.; Bowman, M.J.) (dismissing at screening stage claims of "negligence" by defendants in failing to protect the plaintiff from inmate assault).

Furthermore, to the extent that plaintiff complains about the grievance process, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct.  *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).   Therefore, plaintiff's claim that Mahlman was negligent in denying his grievance should be dismissed.

2

Accordingly, in sum, the claim raised in the amended complaint should be dismissed for failure to state a claim upon which relief may be granted.  Consistent with the December 28, 2020 Report and Recommendation, the complaint, as amended should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) with the exception of plaintiff's Eighth Amendment claim against defendants Justice and Wellman regarding the alleged unsanitary conditions of cell number 33 in the J2 unit.  (*See* Doc. 5).

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint, as amended, be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** plaintiff's Eighth Amendment claim against defendants Justice and Wellman regarding the alleged unsanitary conditions of cell number 33 in the J2 unit.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

  *s/Stephanie K. Bowman*
  Stephanie K. Bowman
  United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LE'SEAN EDGE,<br> Plaintiff, | Case No. 1:20-cv-892 |
| vs. | Black, J.<br>Bowman, M.J. |
| MS. MAHLMAN, et al.,<br> Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).