**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LE'SEAN EDGE,<br>　　　Plaintiff, | Case No. 1:20-cv-892 |
| vs. | Black, J.<br>Bowman, M.J. |
| MS. MAHLMAN, et al.,<br>　　　Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a prisoner civil rights complaint in this Court against defendants Mahlman, Justice, Wellman, Taylor and Harr. The complaint concerns plaintiff's September 2, 2020 and October 4, 2020 cell placements, alleged unsanitary cell conditions, allegations that a false conduct report was issued against him, and claims relating to the grievance process. On December 28, 2020, the undersigned issued a Report and Recommendation that the complaint be dismissed, with the exception plaintiff's Eighth Amendment claim against defendants Justice and Wellman concerning his cell conditions. (Doc. 5).

Plaintiff subsequently filed an amended complaint adding an additional defendant and claims. (Doc. 8). Plaintiff sought to add an additional claim that his grievance filed in response to his cell conditions was improperly denied. On January 26, 2021, the undersigned issued a second Report and Recommendation. (Doc. 9). Consistent with the December 28, 2020 Report and Recommendation, it was recommended that the complaint, as amended, should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) with the exception of plaintiff's Eighth Amendment claim against defendants Justice and Wellman regarding the alleged unsanitary conditions of cell number 33 in the J2 unit. (*See* Doc. 5).

Plaintiff has now filed a motion for leave to file an amended complaint. (Doc. 12). The

proposed amended complaint includes claims against institutional inspector Ms. Mahlman and the SOCF Warden in connection with a January 3, 2021 incident. (*See* Doc. 12). These claims are unrelated to the original complaint. A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). In this case, the claims alleged in the proposed amended complaint arise out of different occurrences and involve distinct questions of law and fact from his Eighth Amendment claims against defendants Justice and Wellman concerning his cell conditions. Accordingly, plaintiff's motion for leave to amend his complaint (Doc.12) should be **DENIED**.

Should plaintiff wish to seek relief on the claims alleged in the proposed amended complaint he must do so in a separate action and seek leave to proceed in forma pauperis or pay the filing fee required to commence a civil action in that case.

**IT IS SO RECOMMENDED.**

　*s/Stephanie K. Bowman*　
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LE'SEAN EDGE,<br>        Plaintiff, | Case No. 1:20-cv-892 |
| vs. | Black, J.<br>Bowman, M.J. |
| MS. MAHLMAN, et al.,<br>        Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).